**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Case No. 3:15-CR-358 |
| Plaintiff, | JUDGE ZOUHARY |
| **-vs-** | **MOTION FOR RELEASE FROM CUSTODY** |
| **IBRAHIM MOHAMMAD,** | David Klucas (0041188)<br>1900 Monroe Street<br>Toledo, Ohio 43624 |
| Defendant. | PH: (419) 255-1102<br>FX: (419) 255-1415<br>Davek@buckeye.access.com<br>Attorney for Defendant Ibrahim Mohammad |

Pursuant to 18 U.S.C. §3142(c), Defendant Ibrahim Mohammad, through counsel, respectfully requests an Order from this Court releasing him from custody on the following conditions:

1. Mr. Mohammad will reside with his wife and their four children, ages 2-8, at an address within the Northern District of Ohio, Western Division. Mr. Mohammad's wife will serve as custodian. Mr. Mohammad's father-in-law can serve as an additional custodian.

2. Mr. Mohammad will actively seek employment.

3. Mr. Mohammad will be subject to home confinement, electronic location monitoring, curfew, and other standard restrictions required by 18 U.S.C. §3142(c), including surrendering

his passport and the passports of his wife, children, and father in law.

4.  Mr. Mohammad will post a $230,000 appearance bond secured by cash deposit with the Clerk of Court. An additional piece of real property located in the Toledo area is also available to secure the bond.

Mr. Mohammad contends these conditions assure his appearance at all proceedings and the safety of the public.  He maintains the requested relief is necessary to preserve his rights guaranteed by the 8th Amendment to the United States Constitution.

A supporting memorandum is attached.

Respectfully Submitted,

/s/ David Klucas
David Klucas
Attorney for Defendant Ibrahim Mohammad

## Memorandum

Mr. Mohammad is charged in a 4 count indictment with conspiracy to provide material support to terrorists, providing material support to terrorists, conspiracy to commit bank fraud, and conspiracy to obstruct justice (Doc. 1).  At his arraignment, Mr. Mohammad waived his right to a detention hearing but reserved the right to file a motion for release and request a hearing at a later date.  He now moves this Court for release and requests a hearing.

The 8th Amendment to the United States Constitution protects a criminal defendant from excessive bail.  There is a presumption that a criminal defendant be released pending trial.  *U.S.*

*v. Stone,* 608 F.3d 939 (6th Cir. 2010).  In this case, that presumption inverts because Mr. Mohammad is charged with providing material support to terrorists. 18 U.S.C. §3142(e)(3)(C) presumes no set of conditions will reasonably assure the appearance of the defendant and the safety of the community.  Mr. Mohammad can overcome this presumption by introducing evidence that he is not a danger to the community or a risk of flight, and his proposed conditions reasonably assure his appearance and the safety of the public.  18 U.S.C. §3142(e).  Once this evidence is introduced, it is the Government's burden to convince the Court that the defendant should remain detained.  *U.S. v. Stone, supra.*  The Government must demonstrate risk of flight by preponderant evidence and danger to the community by clear and convincing evidence. *U.S. v. Hinton*, 113 F. App'x. 76 (6th Cir. 2004); 18 U.S.C. §3142(f)(2)(B).

18 U.S.C. §3142(g) provides the factors for the Court to consider when determining if the proposed conditions reasonably assure the appearance of the defendant and the safety of the public and overcome the presumption of detention.  The first of these factors is the nature and circumstances of the offense. The indictment alleges that 7 years ago, Mr. Mohammad conspired to provide approximately $29,000. to Anwar Al-Awlaki  for the purpose of committing some undefined terrorist acts. This occurred a full year **before** Al-Awlaki was designated a terrorist. It is an admittedly serious charge and should carry some weight in the Court's decision.  Its limited value in this analysis is best illustrated by the age and absence of specificity of the accusations and acknowledging that the bank fraud count charged against Mr. Mohammad carries a greater statutory maximum penalty.

The next factor for the Court to consider is the weight of the evidence against Mr. Mohammad.  This factor goes to the weight of the evidence of Mr. Mohammad's dangerousness,

not the weight of the evidence of guilt. *U.S. v. Hazime,* 762 F.2d 34 (1985). The indictment is sufficient to establish probable cause that Mr. Mohammad committed the offense, but it is only probable cause.  Probable cause was found for every person ever acquitted, which is why this factor applies only to Mr. Mohammad's alleged dangerousness.

The Court must also consider the history and characteristics of Mr. Mohammad.  Mr. Mohammad is a permanent resident of the United States.  At the time of his arrest, he had a pending application for United States citizenship.  He has been in the United States since 2001. He has never traveled abroad since arriving in the United States, and, excluding his mother in India,  has no contacts with or within any foreign country.

Mr. Mohammad arrived in the United States in 2001 to obtain his Masters in Engineering from the University of Illinois.  He lived in Champaign-Urbana, Illinois, until he received his degree in May of 2004. He remained in Champaign-Urbana taking Ph.D. courses in Engineering until December of 2005. He is a licensed Professional Engineer in Ohio, Michigan, and Texas. He has an additional license as a Structural Engineer in Ohio.  He is accomplished in his field.

He worked steadily as a civil and industrial engineer for 10 years. From January of 2006 until September of 2015 he worked for a small engineering firm in Toledo, Ohio. In 2015, he took a job in Dallas, Texas, as an industrial engineer.  It was a better job with a bigger firm, working on bigger projects for more money. He was working at this job at the time of his arrest. Because of his arrest, he was fired.

Mr. Mohammad asserts he can work as an engineer if released. He needs to complete a continuing engineering education class to keep his licenses valid, which he can do online. His old job with his Toledo firm is not available, but Mr. Mohammad can obtain contract and project

4

work which he can do from home.

Mr. Mohammad is married to an American citizen.  They were married in May of 2006.  They have 4 children, ages 2-8.  Mr. Mohammad's wife is a full-time, stay at home mom.  They lived in the Toledo area from 2006 to early 2013. Because of the expanding size of his family, there were a couple of moves within these years, although always within the Toledo area. In March of 2013, they moved to the Ann Arbor, Michigan, area so their older children could attend a preferred school.  Mr. Mohammad kept his job in Toledo and commuted.  In September of 2015, they moved to Texas for the better job and to be closer to Mr. Mohammad's family and his wife's family.  They were living in the Dallas area at the time of Mr. Mohammad's arrest. Because of his arrest and detention, Mr. Mohammad's wife and children moved back to the Toledo area where they currently reside.

Because Mr. Mohammad lived in Texas when he was arrested, the initial probation department assessment recommended detention because of a lack of contact with the district where the charge was filed.  Obviously, this is incorrect.  Mr. Mohammad has significant community contact.  The family lived here for 10 years, just having left for Texas fifteen months ago.  Mr. Mohammad worked here, his kids went to school here, the family was active in religious, school, and civic organizations.  They have family in the area and many, many friends. Since relocating to the Toledo area in October of 2015,  Mr. Mohammad's wife and children are re-engaged in all of those activities that tie them once again to this community.

The Court must also consider the danger Mr. Mohammad poses to the community.  This is an individual assessment. *U.S. v. Stone*, *supra*.  What the Court must consider is the direct danger Mr. Mohammad poses to the public and not the abstract danger of terror in general.

5

Mr. Mohammad has no criminal history.  He was aware of this investigation in 2011.  He continued to cooperate in the investigation for several months.  In the intervening years, Mr. Mohammad had plenty of time and opportunity to run from the investigation, but he did not.  He stayed in the area.  The indictment alleges conduct that occurred 7 or more years ago, and the Government makes no claim of criminal or even suspicious conduct since then.  Mr. Mohammad poses no danger to the community and no risk of flight.

By making the presumption of detention rebuttable, Congress envisioned defendants charged with these offenses being released pending trial.  Other courts recognized this, and some defendants charged identically to Mr. Mohammad are released pending trial.[1]  Before the Court stands such a defendant as Congress envisioned, whose fifteen years in America is a blueprint of responsibility and stability, and who was in the process of applying for citizenship at the time of his arrest. The burden of persuasion rests with the Government, and their only argument is the weight of the label "terrorist" with no act of terror causally connected to the indictment.  This cannot sustain the presumption in favor of detention.  Mr. Mohammad respectfully requests to be released.

Respectfully submitted,

/s/ David Klucas
David Klucas
Attorney for Defendant Ibrahim Mohammad

---

[1] *United States v. Harcevic*, 15 CR 49 (E.D. Missouri, Doc. 141); *USA v. Muna Osman Jama*, 14 CR 230 (E.D. Va., Doc. 18); *USA v. Hinda Osman Dhirane*, 14 CR 230 (E.D. Va., Doc. 26).

## **Certification**

This shall certify that a copy of the forgoing was sent to all counsels of record via the Court's ECF Notification System on this 15th day of February 2015.

/s/ David Klucas
David Klucas