### IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Case No. 3:15-CR-358 |
| Plaintiff, | JUDGE HELMICK |
| | **MOTION IN LIMINE NO. 4** |
| -vs- | |
| | David Klucas (0041188) |
| | 1900 Monroe Street |
| | Toledo, Ohio 43624 |
| **IBRAHIM MOHAMMAD,** | PH: (419) 255-1102 |
| | FX: (419) 255-1415 |
| Defendant. | Davek@buckeye-access.com |
| | Attorney for Defendant Ibrahim Mohammad |

Pursuant to Rule 104 of the Federal Rules of Evidence, Defendant Ibrahim Mohammad, through counsel, respectfully requests an Order from this Court prohibiting the Government from introducing in their case in chief any evidence or explanation of theTaliban beyond what may have been found on Mr. Mohammad's computer. As grounds for this motion, Mr. Mohammad says he anticipates the evidence addressing the Taliban will be unduly prejudicial and far beyond the scope of the limited evidence of the Taliban attributable to Mr. Mohammad. He maintains the requested relief is necessary to preserve his rights guaranteed by the 5th, 6th, and 14th Amendments to the United States Constitution.

A supporting memorandum is attached.

Respectfully Submitted,

/s/ David Klucas
Attorney for Defendant Ibrahim Mohammad

**Memorandum**

Mr. Mohammad is charged with Conspiring to Provide Material Support to Terrorists, Providing Material Support to Terrorists, Conspiracy to Commit Bank Fraud, and Conspiracy to Obstruct Justice (Doc 1).  The Government alleges a 7 year conspiracy. The Indictment mentions only 5 days when Mr. Mohammad made any reference to the Taliban. According to Government disclosures, from 2008-2010 the Taliban occupied 0.2% of Mr. Mohammad's browser history, most of which occurred on one day. The Taliban is equally absent from Mr. Mohammad's email and chat histories. Less than 1% of them reference the Taliban, and none of them advocate or support an act of violence, or mention raising funds.

Evidence Rule 403 permits the Court to exclude evidence that is unduly prejudicial. Mr. Mohammad believes the Government will try to introduce evidence explaining the Taliban by providing a catalogue of outrages committed against Americans over the years. Mr. Mohammad contends that his First Amendment protected 0.2% interest in the Taliban over the years does not justify a litany of Anti-American violence, offered to explain something that requires no explanation and is certain to poison the jury.  The anticipated evidence is 0.2% probative and patently prejudicial.

                Respectfully Submitted,

                /s/ David Klucas
                Attorney for Defendant Ibrahim Mohammad

### **Certification**

  This shall certify that a copy of the forgoing was sent to all counsels of record via the Court's ECF Notification System on this 2nd day of April, 2018.

                /s/ David Klucas
                David Klucas