UNCLASSIFIED / CLEARED FOR PUBLIC RELEASE

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Filed with the Classified
Information Security Officer
CISO _____
Date 3/21/19

United States of America,

    Plaintiff

v.

Yahya Farooq Mohammad, et al.,

    Defendants

Case No. 3:15-cr-358

CLASSIFIED MEMORANDUM
OPINION

This matter is before me on the Government's classified, ex parte, in camera Motion for a Protective Order under § 4 of the Classified Information Procedures Act ("CIPA") and Federal Rule of Criminal Procedure 16(d)(1). (*See* Doc. No. 172 at 1; Doc. No. 314 at 1.) For the following reasons, the Government's Motion is granted.

I.

Defendants Yahya Farooq Mohammad, Ibrahim Zubair Mohammad, Asif Ahmed Salim, and Sultane Roome Salim were indicted on September 30, 2015, and charged with (Count 1) conspiracy to provide and conceal material support to terrorists, in violation of 18 U.S.C. § 2339A; (Count 2) providing material support to terrorists, in violation of 18 U.S.C. § 2339A; (Count 3) conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349 (brought against Farooq and Ibrahim only); and (Count 4) conspiracy to obstruct justice, in violation of 18 U.S.C. § 1512(k). (Doc. No. 1 at 12–72.)

The Government accuses Defendants of conspiring to provide, and actually providing, funds and other material support to Anwar al-Awlaki for the preparation and execution of

UNCLASSIFIED / CLEARED FOR PUBLIC RELEASE

terrorist attacks and killings. (*See* Doc. No. 1 at 12, 68.) The Government contends that Defendants conspired to obstruct its investigation into their illicit fundraising by making false statements to the FBI and destroying or concealing records. (*Id.* at 65–67, 71–72.) And as to Farooq and Ibrahim, the Government additionally alleges that they conspired to raise money for al-Awlaki through various fraudulent credit card and PayPal transactions. (*Id.* at 68–71.)

Farooq has since pleaded guilty to the charges against him. (Doc. No. 284.) The other Defendants are scheduled to be tried on April 23, 2018. (Doc. No. 259.)

On November 18, 2016, the Government moved for a protective order under CIPA § 4 and Federal Rule of Criminal Procedure 16(d)(1). (*See* Doc. No. 172.) The Government supplemented its Motion on February 16, 2018. (*See* Doc. No. 314.) The Government requests that I (1) conduct an ex parte and in camera review of the Government's § 4 submission, (2) order that the Government's submission be sealed and preserved to be made available to the appellate court in the event of an appeal, (3) authorize the Government to disclose to the defense a summary of statements in lieu of classified information, and (4) authorize the Government to delete specified items of classified information from the documents to be produced to the defense through discovery.

The Government docketed public notices of its § 4 filings. (*See* Doc. No. 172 at 1; Doc. No. 314 at 1.) The filings themselves were submitted under seal with the Classified Information Security Officer for my in camera and ex parte review. (*See* Doc. No. 172 at 1; Doc. No. 314 at 1.)

UNCLASSIFIED / CLEARED FOR PUBLIC RELEASE

## II.

**A.    CIPA § 4**

Under § 4 of Classified Information Procedures Act,

> [t]he court, upon a sufficient showing, may authorize the United States to delete specified items of classified information from documents to be made available to the defendant through discovery under the Federal Rules of Criminal Procedure, to substitute a summary of the information for such classified documents, or to substitute a statement admitting relevant facts that the classified information would tend to prove. The court may permit the United States to make a request for such authorization in the form of a written statement to be inspected by the court alone. If the court enters an order granting relief following such an ex parte showing, the entire text of the statement of the United States shall be sealed and preserved in the records of the court to be made available to the appellate court in the event of an appeal.

18 U.S.C. app. 3 § 4. This section, in other words, "permits the government to have the trial court examine classified information *in camera* and *ex parte* and determine whether it is necessary for the defense." *United States v. Hanna*, 661 F.3d 271, 295 (6th Cir. 2011) (quoting *United States v. Smith*, 899 F.2d 564, 565 n.1 (6th Cir. 1990)).

The Sixth Circuit has adopted the "relevant and helpful" standard for determining under CIPA § 4 whether classified information should be disclosed to the defense. *See United States v. Amawi*, 695 F.3d 457, 470 (6th Cir. 2012). This standard involves a three-step analysis. First, the court must determine that the information is relevant. *Id.* Second, the court must determine whether the Government has asserted a colorable claim of privilege over the information. *Id.*; *see also Hanna*, 661 F.3d at 295 ("[A] protective order will only issue against disclosure of 'classified information,' . . . and 'classified information' is 'information or material that has been determined by the United States Government . . . to require protection against unauthorized disclosure for reasons of national security.'" (citations omitted)). And third, the court must determine that the information is helpful to the defense. *Amawi*, 695 F.3d at 470; *see also United*

3

UNCLASSIFIED / CLEARED FOR PUBLIC RELEASE

UNCLASSIFIED / CLEARED FOR PUBLIC RELEASE

*States v. Yunis*, 867 F.2d 617 (D.C. Cir. 1989) (holding that "classified information is not discoverable on a mere showing of theoretical relevance," but only on a showing that the information is at least helpful to the defense). In applying this analysis, the court acts, in essence, as "standby counsel for the defendants," placing itself in defense counsel's shoes and determining what may be relevant and helpful to the defendants' case. *Amawi*, 695 F.3d at 471.

The relevant and helpful standard under CIPA § 4 is easier to satisfy than the favorable materiality standard under *Brady v. Maryland*, 373 U.S. 83, 87 (1963). All *Brady* evidence that is favorable is also relevant and helpful under CIPA § 4, but not all relevant and helpful evidence is favorable. *Amawi*, 695 F.3d at 471; *see also United States v. Mejia*, 448 F.3d 436, 456–57 (D.C. Cir. 2006) ("While *Brady* information is plainly subsumed within the larger category of information that is 'at least helpful' to the defendant, information can be helpful without being 'favorable' in the *Brady* sense . . . ."). "Simply stated, evidence that needs to be disclosed under *Brady* would also need to be disclosed under [CIPA § 4], but not the other way around." *Amawi*, 695 F.3d at 471.

If, after applying the three-step analysis, the court determines that the classified information is relevant and helpful to the defense, the court should consider "the protective options short of full disclosure that are set forth in CIPA § 4, namely, permitting the government 'to substitute a summary of the information for such classified documents, or to substitute a statement admitting relevant facts that the classified information would tend to prove.'" *Mejia*, 448 F.3d at 457 n.18 (quoting 18 U.S.C. app. 3 § 4).

**B.    Defendants' Objections**

Defendants object to an ex parte, in camera review of the Government's § 4 filings. (*See,*

4

UNCLASSIFIED / CLEARED FOR PUBLIC RELEASE

e.g., Doc. No. 178 at 1–2.)[1] They contend that defense counsel holding appropriate security clearance should be permitted to review the Government's § 4 filings because (i) ex parte proceedings are disfavored, (ii) the Supreme Court has held that defendants are entitled to disclosure and adversarial review when courts address Fourth Amendment suppression issues, and (iii) I am ill-equipped to act as surrogate defense counsel. (See id. at 1–2, 7–11; Doc. No. 179 at 3–10; Doc. No. 180 at 1.) Alternatively, Defendants aver that I should "(a) require the Government to disclose its legal arguments in support of its § 4 application to cleared defense counsel; and/or (b) provide defense counsel an opportunity to present to the Court *ex parte* information that will significantly assist the Court's review of the [G]overnment's § 4 submission, as well as its evaluation of whether that submission includes discoverable information." (Doc. No. 178 at 1–2; Doc. No. 180 at 1–2.)

Defendants' objection to an ex parte, in camera review of the Government's § 4 filings lacks merit. Regardless of whether ex parte proceedings are generally disfavored, Federal Rule of Criminal Procedure 16(d)(1) and CIPA § 4 explicitly provide for such proceedings in certain circumstances. Rule 16(d)(1) states that "[a]t any time, the court may, for good cause, deny, restrict or defer discovery or inspection, or grant other appropriate relief," as well as "permit a party to show good cause by a written statement that the court will inspect ex parte." Fed. R. Crim. P. 16(d)(1); *see Hanna*, 661 F.3d at 294. And CIPA § 4 states that the Government may make a request for authorization to delete classified information from discovery "in the form of a written statement to be inspected by the court alone." 18 U.S.C. app. 3 § 4; *see Hanna*, 661 F.3d at 294–95. The Government's representation regarding the harm that could result from disclosure

---

[1] Sultane, Asif, and Ibrahim have adopted the arguments made by Farooq in his Memorandum in Opposition. (*See* Doc. No. 179 at 2; Doc. No. 180 at 2; Doc. No. 183 at 1.) Additionally, Asif has adopted Sultane's arguments, and Ibrahim has adopted the arguments made by Sultane and Asif. (*See* Doc. No. 180 at 2; Doc. No. 183 at 1.)

UNCLASSIFIED / CLEARED FOR PUBLIC RELEASE

of the classified information—even to cleared counsel—constitutes good cause for me to review the Government's Motion ex parte and in camera. The propriety of this approach is reinforced by my conclusion (explained below) that none of the classified information the Government proposes to delete from discovery is relevant and helpful to Defendants. *See Hanna*, 661 F.3d at 295 (holding that the district court acted within its discretion in withholding from the defendant the Government's ex parte, in camera submission given that the withheld information "would not [have been] helpful to the defense").

Defendants contend that they are entitled to disclosure an adversarial review of the Government's § 4 filings because the Government might be attempting to clandestinely litigate Fourth Amendment suppression issues using CIPA. (*See* Doc. No. 179 at 4–10.) Defendants rely on *Alderman v. United States*, 394 U.S. 165, 168, 180–85 (1969), and its progeny for this proposition. (*See* Doc. No. 179 at 7–9.) But *Alderman* is inapposite. There, "the issue was whether surveillance materials should be produced and an adversarial hearing conducted where the prosecution planned to use evidence from surveillance *that had already been deemed unlawful*." *United States v. Damrah*, 412 F.3d 618, 624 (6th Cir. 2005) (emphasis added) (citing *Alderman*, 394 U.S. at 182–83). Here, by contrast, none of the Government's surveillance has been deemed unlawful. And nothing I have seen in my review of the classified documents in this case suggests that the Government is using CIPA to conceal unlawful surveillance techniques.

I acknowledge that I am not in an optimal position to act as surrogate defense counsel. (*See* Doc. No. 178 at 9.) Nonetheless, I have sufficient knowledge of the case—and sufficient knowledge of Defendants' theories of the case—to determine whether the Government's § 4 filings discuss information that would be relevant and helpful to the defense. *See Amawi*, 695

UNCLASSIFIED / CLEARED FOR PUBLIC RELEASE

UNCLASSIFIED CLEARED FOR PUBLIC RELEASE

F.3d at 471 (Acting as standby counsel for the defendants "is not a position that we relish, yet it is required by CIPA, as interpreted by *Yunis* and its progeny.").

To the extent that Defendants argue for disclosure of the § 4 filings to defense counsel based on counsel's possession of security clearance, Defendants' argument again falls flat. As the Sixth Circuit has explained, even cleared counsel are not permitted to participate in the ex parte, in camera review under CIPA § 4. *Amawi*, 695 F.3d at 473. "The possession of a security clearance only becomes relevant *after* the district court determines, in accordance with section 4, that any classified information is discoverable." *Id.*

Defendants' alternative request for an ex parte meeting with me has been fulfilled. I met ex parte with defense counsel for all three defendants on November 16, 2017, with counsel for two of the defendants on December 14, 2017, and with counsel for the remaining defendant on January 5, 2018. At these ex parte meetings, counsel provided me with information to assist in my review of the Government's Motion.

As to Defendants' other alternative request—that I should order disclosure of the legal arguments supporting the Government's Motion—Defendants' request is not well taken. Under § 4, the Government may make a request "in the form of a written statement to be inspected by the court alone." 18 U.S.C. app. 3 § 4. When a court enters an order granting the Government's requested relief following an ex parte showing, "*the entire text of the statement* of the United States shall be sealed and preserved." *Id.* (emphasis added). Contrary to Defendants' suggestion, § 4 does not distinguish between the Government's legal and factual arguments. Section 4 provides for an ex parte, in camera review of the Government's Motion in its entirety. *See id.*

C.  **The Government's § 4 Motion**

I have carefully reviewed the Government's CIPA § 4 Motion, the Government's

UNCLASSIFIED / CLEARED FOR PUBLIC RELEASE

Supplemental Memorandum, and the documents accompanying those filings. I also met with the Government ex parte on March 2, 2018, to inquire about three potential issues it identified while reviewing the materials. Based on the Government's responses at the hearing and supplemental filing related to these inquires plus my review of the § 4 materials, I conclude the information the Government seeks to substitute or delete from discovery is subject to a colorable claim of privilege and that the information to be deleted is not relevant and helpful to the defense. I outline this information below.



8

UNCLASSIFIED / CLEARED FOR PUBLIC RELEASE

UNCLASSIFIED / CLEARED FOR PUBLIC RELEASE



UNCLASSIFIED / CLEARED FOR PUBLIC RELEASE

UNCLASSIFIED / CLEARED FOR PUBLIC RELEASE



UNCLASSIFIED / CLEARED FOR PUBLIC RELEASE

UNCLASSIFIED / CLEARED FOR PUBLIC RELEASE



UNCLASSIFIED / CLEARED FOR PUBLIC RELEASE







### 4. Supplemental Memorandum

In a June 6, 2017 Order (Doc. No. 242), Chief Judge Sargus granted in part Farooq's Motion for Discovery Concerning Sources of Terrorism Related Funding (Doc. No. 133) and held that Farooq was entitled to communications about the funding of Umar Farouk Abdulmutallab's mission to destroy Northwest Airlines Flight 253. The Government identified ▇▇▇▇ that could be responsive to the Order—▇▇▇▇

UNCLASSIFIED / CLEARED FOR PUBLIC RELEASE

██████████████████████████████████████████ (Suppl. Mem. at 3.) The Government ultimately concluded, though, that ███ was not responsive to the Order and prepared to file a CIPA § 4 motion to delete ███ from discovery. (*Id.*) Farooq pleaded guilty soon after the June 6 Order was issued. (*Id.*) Ibrahim, however, has since requested that the Government provide him with any information responsive to the Order.

In its February 16, 2018 Supplemental Memorandum to its CIPA § 4 Motion, the Government requests permission to delete ███████ from discovery. (Suppl. Mem. at 4.) The Government contends that ███ is not responsive to the June 6 Order. (*Id.* at 4, 6–7.) And in the alternative, the Government avers that ███ should be deleted from discovery under CIPA § 4 because it is not relevant and helpful. (*Id.* at 4, 7–8.)



15

UNCLASSIFIED / CLEARED FOR PUBLIC RELEASE



(*Id.* at 8.) The Government, in other words, has already provided to Defendants any helpful information ▮.

### 5. March 2, 2018 Conference

On March 2, 2018, I met with the Government ex parte to inquire about three potential issues I identified while reviewing the § 4 materials.





### III.

The Government's Motion for a Protective Order under CIPA § 4 and Federal Rule of Criminal Procedure 16(d)(1) is, accordingly, granted. The Government may disclose a summary of statements in lieu of classified information. And the Government may delete the specified items of classified information from the documents to be produced to Defendants through discovery. These determinations are subject to change if one or more of the Defendants is convicted or pleads guilty, as some information referenced in the Government's filings could be relevant and helpful for sentencing purposes. The Government's § 4 Motion, the Government's Supplemental Memorandum, and the documents accompanying those filings shall be sealed and preserved to be made available for review in the event of an appeal.

UNCLASSIFIED CLEARED FOR PUBLIC RELEASE

So Ordered.

                                                s/ Jeffrey J. Helmick
                                                United States District Judge

UNCLASSIFIED CLEARED FOR PUBLIC RELEASE